# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF MICHAEL H. HAMILTON, BAR NO. 7730.

No. 78101

FILED

MAY 14 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, an amended conditional guilty plea agreement in exchange for a stated form of discipline for attorney Michael H. Hamilton. Under the agreement, Hamilton admitted to violating RPC 1.15 (safekeeping property), RPC 5.4 (professional independence of a lawyer), RPC 5.5 (unauthorized practice of law), RPC 8.4 (misconduct), and SCR 78.5 (maintenance of trust funds). He has agreed to a four-year suspension, with all but the first six months stayed, subject to certain conditions.

Hamilton has admitted to the facts and violations as part of his guilty plea agreement. Thus, the record establishes that Hamilton violated the above-listed rules by practicing law while CLE-suspended, improperly fee splitting with non-attorneys, having his trust account out of balance by at least $27,000, making personal and business payments from his trust account, and failing to pay 17 medical liens on behalf of clients and attempting to pay the lienholder a reduced amount on those liens without her agreeing to the reductions. Additionally, Hamilton failed to complete CLE credits required by a previous suspension order.

19-21188

The issue for this court is whether the agreed-upon discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Hamilton admitted to knowingly violating duties owed to his clients (safekeeping property) and the legal profession (independence of a lawyer, unauthorized practice of law, and misconduct). Hamilton's clients were harmed due to the delay in receiving their funds or the full payment of their liens. The baseline sanction before considering aggravating or mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when "a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client"). The record supports the panel's findings of four aggravating circumstances (prior disciplinary offenses, pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and three mitigating circumstances (absence of dishonest or selfish motive, cooperative attitude toward proceeding, and remorse). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney Michael H. Hamilton from the practice of law for four years from the date of this order, with all but the first six months stayed subject to the following conditions. Hamilton

shall complete 22 CLE credits, with at least four of those credits in ethics, during the six-month actual suspension. Hamilton shall have only one law firm and one trust account and the consolidation of his firms and accounts must be completed before he resumes the practice of law following the six-month actual suspension. During the actual and stayed portions of the suspension, Hamilton shall provide quarterly reports for all of his trust accounts to the State Bar as outlined in the conditional guilty plea agreement. Hamilton shall resolve all outstanding medical liens identified in the conditional guilty plea agreement during the six-month actual suspension and provide proof of such to the State Bar or have filed the necessary interpleader actions within 60 days of the hearing on the conditional guilty plea agreement. During the stayed suspension, Hamilton shall have no new grievances resulting in actual discipline arising out of conduct post-dating the conditional guilty plea agreement. Lastly, Hamilton shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____ C.J.
Gibbons

_____, J.          _____, J.
Stiglich                     Silver

cc:   Chair, Southern Nevada Disciplinary Board
      Law Offices of Michael H. Hamilton
      Bar Counsel, State Bar of Nevada
      Executive Director, State Bar of Nevada
      Admissions Office, U.S. Supreme Court